Shaw, C. J.
The note being payable at the Millbury Bank, and being at the bank at maturity, with authority to the cashier to receive payment and give up the note, the non-payment of the note during bank hours, on the last day of grace, was a dishonor ; and the only question is, whether due notice was given to the defendant, to charge him as indorser.
Had the defendant continued to reside in Millbury, we think a notice to him, by a letter put into the post office in the same place, would have been insufficient. Peirce v. Pendar, 5 Met. 352. But in fact he had removed, several months before, into the town of Sutton; and the question is, whether the cashier of the bank, acting as agent of the holders, used due diligence to find what place he had removed to. If the place of his actual residence could have been ascertained by due inquiry and reasonable diligence, it was the duty of the cashier to give him notice personally or by mail, at the place of his actual residence If it could not be ascertained, or if he had gone abroad, notice should *493 have been given at his last place of abode. But the court are of opinion that no proper inquiry was made, or diligence used. No inquiry was made at his last place of residence in Millbury, nor of the other parties to the note, nor of any agent, neighbor or relation, nor of any person likely to know the fact; but only of a person acting as a substitute for the postmaster at the time; and there is nothing to show, and no reason, from his situation, to infer that he was a fit person to make such an inquiry of.

Exceptions overruled.